# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS BARLETT and KIMBERLY GUMMO, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:2004-57 |
| TYRONE HOSPITAL, INC., QUORUM HEALTH RESOURCES, L.L.C., TYRONE MEDICAL ASSOCIATES, INC., DANIEL ASHCROFT, TRI COUNTY IMAGING ASSOCIATES, INC., BERNARD DiGIACOBBE, M.D., MARIA FRIDAY, Executrix for the Estate of Daniel Friday, BARRY BENDER, M.D., CARLOS A. WEIGERING, M.D., RAMESH AGARWAL, M.D., RAMESH CHOPRA, M.D., and RAJ KANSEL, M.D., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JUDGE GIBSON |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER OF COURT

This matter comes before the Court on Defendant, Barry Bender, M.D.'s (Bender) Motion for Leave to File Amended Answer to Second Amended Complaint Pursuant to Rule 15(a)(Document No. 118) and Motion for Judgment on the Pleadings (Document No. 119) filed February 27, 2009. The Plaintiffs have not responded to either motion and their response time of twenty days according to this Court's practices and procedures has long expired. The Court will grant the Motion for Leave after a review of the proposed answer and in the absence of any objections thereto and in accordance the following analysis it will also grant the Motion for Judgment on the Pleadings as it relates to Bender in Count IV of the Second Amended Complaint (Document No. 77)(SAC).

Subject matter jurisdiction is appropriate in this Court for a False Claims Act violations under 28 U.S.C. § 1331 and the Court possesses supplemental jurisdiction over the state law claims of violations of the Pennsylvania Whistleblower Law pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732.

The Court will not recount the factual and procedural history of this matter as has been done in a previous opinion. The discussion herein is restricted to Bender's outstanding motions.

Bender is proceeding *pro se* in this matter as he is currently incarcerated at S.C.I. Laurel Highlands, in Somerset, Pennsylvania. The Motion for Judgment on the Pleadings is direct in its recognition that Count IV, which contains an alleged violation of 31 U.S.C. § 3729(a)(3) against him, does not provide a sufficient allegation that an agreement was made to defraud the United States. 31 U.S.C. § 3729(a)(3) reads in pertinent part: " (a) Liability for certain acts.--Any person who—...(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;...is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person...."

First, it is recognized that Bender labels his motion as one for judgment on the pleadings, but the Court finds it more appropriately addressed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12 reads in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> \*\*\*
> (6) failure to state a claim upon which relief can be granted;

2

\*\*\*

(c) Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

Both motions under Rule 12(b)(6) and Rule 12 (c) are governed by the same standard, that is the "facts and inferences [must be viewed] in a light most favorable to the non-moving party." *Regalbuto v. City of Philadelphia*, 937 F.Supp. 374, 377 (E.D.Pa. 1995)(citation omitted). Rule 12(c) motions are more appropriate when no factual disputes remain, only legal disputes and a resolution of the merits can be made, but a Rule 12(b) motion addresses defects in the plaintiff's claims. *Rogers v. Atwork Corp.*, 863 F.Supp. 242, 244 (E.D.Pa. 1994). Mindful of the long recognized concept that *pro se* filings shall be construed liberally, *see Smith v. School District of Philadelphia*, 112 F.Supp.2d 417, 423 (E.D.Pa. 2000), the Court will consider Bender's motion as a motion under Rule 12(b)(6). One commentary has recognized generally that Rule 12(c) motions can be treated as Rule 12(b)(6) motions when the relief requested derives from that section of the rule. 5C Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1367 (3d ed. 2004). Furthermore, not all of the other defendants have filed answers to the Second Amended Complaint and therefore, the pleadings are not closed so that a Rule 12 (c) motion can be made. Thus, the Court proceeds under Rule 12(b)(6) in its analysis.

In a review of a motion pursuant to Rule 12(b)(6), the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) changed the manner of evaluating the sufficiency of allegations set forth in pleading; the Court of Appeals for the Third Circuit summarized the applicable standard thusly: "In our plenary review, we apply the same legal standard of determining whether a plaintiff has stated a valid claim, viz. "'a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,

3

1965, 167 L. Ed. 2d 929 (2007))." *Gross v. The German Found. Indust. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008).

Recently, the Supreme Court addressed False Claims Act claims under 31 U.S.C. § 3729(a)(3), and what proof is necessary for a plaintiff to establish a claim pursuant to this provision. Justice Alito, writing for the unanimous Court in *Allison Engine Co., Inc, et al. v. United States ex rel. Sanders and Thacker*, 128 S.Ct. 2123, 2130-2131 (2008) observed:

> Under § 3729(a)(3), it is not enough for a plaintiff to show that the alleged conspirators agreed upon a fraud scheme that had the effect of causing a private entity to make payments using money obtained from the Government. Instead, it must be shown that the conspirators intended "to defraud the Government." Where the conduct that the conspirators are alleged to have agreed upon involved the making of a false record or statement, it must be shown that the conspirators had the purpose of "getting" the false record or statement to bring about the Government's payment of a false or fraudulent claim.

Bender argues that the Plaintiffs have not alleged "an agreement to defraud the U.S." Motion for Judgment, ¶ 4. The Plaintiffs have pleaded the existence of an agreement-an agreement that does not include Bender. Bender is recognized by name in only six paragraphs (SAC, ¶¶ 24, 106, 107, 108, 110, 111) of the Second Amended Complaint. At paragraph 111, the Plaintiffs allege that " Tyrone Hospital and Dr. DiGiacobbe knowingly presented or caused to be presented claims to Medicare, Medicaid and other government programs for designated health services pursuant to referrals from Dr. Bender referred to in the preceding paragraphs in violation of 42 USC § 1395nn(a)(1)(B)." Although the allegations certainly establish that Bender was a lucrative source of referrals from Tyrone Medical Associates (TMA) to Tyrone Hospital (Tyrone), from which he received kickbacks, he is not alleged to have entered an agreement with the other Defendants who worked at Tyrone and Tri County Imaging

4

(Tri County). In paragraphs 85 through 101, the conspiracy alleged concerns Tri County and the benefits and reimbursements it received from Tyrone in exchange for referrals of patients to Tyrone, which in turn billed the Government for services rendered to the patients. The Plaintiffs' allegations do not associate Bender in anyway with Tri County, but only as a referrer of patients to Tyrone from TMA. No allegation is made that Bender joined the conspiracy already in place when he was hired in 1996. No allegation is made that Bender was a member of the board of Tyrone or Tri County at anytime such that he became aware of or assented to the conspiracy and the illegal acts as they were occurring. No allegation is made that Bender controlled TMA (Ashcroft was a board member and chief financial officer, SAC, ¶ 117) and established a financial relationship with Tyrone which facilitated Tyrone's kickbacks to TMA or Tyrone's subsidizing of TMA financially for the benefit of Bender.[1] According to the allegations, it appears Bender referred patients to Tyrone and reaped the benefits of illegal kickbacks without any apparent attempt to take the further step of entering the extant conspiracy to defraud the Government.[2] None of the kickback allegations that concern conspiracy, see SAC, ¶¶ 85-101, refer to Bender or his participation in it; the conspiracy allegations focus upon Tyrone, Tri County and its investors, including DiGiacobbe. At best, it is alleged that Bender referred patients to

---

[1] Nevertheless, it is alleged that non-allowable costs for employee benefits and facility expenses for TMA and Tri County were submitted by Ashcroft and Tyrone for reimbursement. SAC, ¶ 126.

[2] Indeed, it is alleged in the SAC that it was unreported that TMA was related party to Tyrone, but no allegation exists regarding TMA being an entity for which payments were made as part of the hospital cost reports: "119. At the direction of Defendant Dan Ashcroft, Tyrone Hospital repeatedly failed to disclose the related party status of Tri County, TMA and Dr. DiGiacobbe, and further claimed on such Hospital Cost Reports payments to Tri County and Dr. DiGiacobbe, without reducing the transactions to cost." SAC, ¶ 119. The Plaintiffs also allege non-disclosure of related party statuses resulted in Ashcroft and Tyrone securing overpayments to Tri County and DiGiacobbe, not Bender. SAC, ¶ 121. However, all Defendants, including TMA, Bender and other doctors (referred to as "individual Defendants") are alleged to have sought reimbursement from Medicaid, SAC ¶ 75, and TRICARE/CHAMPUS, SAC ¶ 82, facts that do not sufficiently allege a conspiracy.

5

Tyrone in an effort to receive a kickback, but not pursuant to a conspiracy to defraud the Government. As a result of an insufficiency of facts alleging an agreement by Bender to enter the conspiracy, no claim against Bender can stand under the allegations of Count IV of the Second Amended Complaint.

AND NOW this 14th day of April, 2009, in accordance with the foregoing Memorandum opinion, **IT IS HEREBY ORDERED THAT** Defendant Bender's Motion for Leave to File Amended Answer to Second Amended Complaint Pursuant to Rule 15(a)(Document No. 118) is GRANTED and the proposed Amended Answer of Defendant Barry L. Bender to Second Amended Complaint shall be docketed as such on the record.

**IT IS FURTHER ORDERED THAT** the Motion for Judgment on the Pleadings (Document No. 119) is GRANTED and Count IV of the Second Amended Complaint is dismissed as to Defendant Bender.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

6