## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, THOMAS BARTLETT and KIMBERLY GUMMO | ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO. 3:04-57 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| DANIEL ASHCROFT, TRI COUNTY IMAGING ASSOCIATES, INC., CARLOS A. WIEGERING, MD, RAMESH AGARWAL, MD, URMILA CHOPRA, *Executrix of the Estate of RAMESH CHOPRA*, RAJ KANSEL, MD | ) ) ) ) ) ) ) | |
| Defendants.[1] | ) ) | |

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I.     SYNOPSIS

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No. 240),

filed pursuant to Federal Rule of Civil Procedure 56. The Plaintiffs oppose the motion. (*See*

Doc. No. 242). For the reasons stated below, Defendants' motion will be **DENIED**.

### II.     JURISDICTION AND VENUE

This Court has jurisdiction over the instant action pursuant to 31 U.S.C. § 3729, *et. seq.*,

the False Claims Act, and has supplemental jurisdiction over pendant state law claims, pursuant

to 28 U.S.C. § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the alleged

acts giving rise to the claims occurred in the Western District of Pennsylvania.

---

[1] The following Defendants were previously dismissed from this action: Tyrone Hospital, Inc.; Quorum Health Resources, LLC; Tyrone Medical Associates, Inc.; Bernard Digiacobbe, MD; Maria Friday, Executrix for the Estate of Daniel Friday; Barry Bender, MD.

## III. BACKGROUND

This action is brought *qui tam* by Relators Thomas Bartlett and Kimberly Gummo ("Plaintiffs") on behalf of the U.S. Government. In their second amended complaint (Doc. No. 77), Plaintiffs allege that Defendants defrauded the U.S. Government by misusing various federally funded programs, including the federal Medicare and Medicaid Programs, through a "variety of illegal arrangements," such as submitting false and fraudulent patient claims and hospital cost reports, paying kickbacks and illegal remuneration, and manufacturing patient referrals, among others. (Doc. No. 77 at ¶¶ 2-7). Plaintiffs allege violations of the False Claims Act, 31 U.S.C. § 3729; the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); and the Stark Statute, 42 U.S.C. § 1395.

This case has generated a lengthy procedural history,[2] which is only briefly summarized here. Plaintiffs filed a complaint (Doc. No. 1) on March 23, 2004, a first amended complaint (Doc. No. 2) on May 21, 2004, and a second amended complaint (Doc. No. 77) on February 27, 2006. Defendants filed an answer (Doc. No. 173) to the second amended complaint on April 19, 2011. Additionally, the parties filed various other pleadings and numerous motions and conducted extensive discovery. On February 4, 2013, Defendants filed the instant motion for summary judgment (Doc. No. 240) along with a brief in support (Doc. No. 241). On March 6, 2013, Plaintiffs filed a brief in opposition (Doc. No. 242) to Defendants' motion for summary judgment. On March 18, 2013, Defendants filed a sur-reply (Doc. No. 243) to Plaintiffs' response. This matter is now ripe for adjudication.

---

[2] The filing of bankruptcy by Tyrone Hospital, Inc., and by Tyrone Medical Associates, Inc., (former parties that have been dismissed from this action) resulted in a lengthy automatic stay of these proceedings. (*See* Docs. No. 102 and 103).

## IV. LEGAL STANDARDS

### A. Summary Judgment

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).[3] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v.*

---

[3] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amendment.

*Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993).

## V.    DISCUSSION

Motions for summary judgment are subject to the Federal Rules of Civil Procedure, but must also comply with the Local Rules of the United States District Court for the Western District of Pennsylvania ("Local Rules"). Local Rule of Civil Procedure 56.B ("LCvR 56.B") sets forth the requirements for a motion for summary judgment.

> **Motion Requirements.** The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by the following:
>
> 1. **A Concise Statement of Material Facts.** A separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed and material, including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact;
>
> 2. **Memorandum in Support.** The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried and why the moving party is entitled to judgment as a matter of law; and
>
> 3. **Appendix.** Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

LCvR 56.B.

4

This Court has previously detailed the requirements of the Local Rules for summary judgment motions and explained the consequences of noncompliance.

> The Local Rules of this district provide explicit instructions on how litigants are to file and respond to motions for summary judgment. Local Rule 56.B requires that a motion for summary judgment set forth succinctly, but without argument, the specific grounds upon which the judgment is sought. LCvR 56.B. Moreover, the motion must be accompanied by:
>
> > (1) a concise statement of material facts ("CSMF") setting forth in separately numbered paragraphs the facts essential to the Court's decision which the moving party contends are undisputed and material (with citations to the record to support the party's contentions);
> >
> > (2) a supporting memorandum addressing the applicable law and explaining why there are no genuine factual disputes to be tried and why the moving party is entitled to judgment as a matter of law; and
> >
> > (3) an appendix of documents referenced in the CSMF, although such documents need not be filed in their entirety as the relevant portions of each referenced document may be extracted and highlighted.
>
> LCvR56.B.1–3.
>
> To oppose a motion for summary judgment, a party must file its own:
>
> > (1) responsive CSMF admitting or denying whether each fact contained in the movant's CSMF is undisputed and/or material, setting forth the basis for any denial (with supporting record citations), and setting forth in separately numbered paragraphs any other facts that are allegedly at issue and/or necessary for the Court's consideration of the summary judgment motion;
> >
> > (2) supporting memorandum addressing the applicable law and explaining why there are genuine factual disputes to be tried and why the moving party is not entitled to judgment as a matter of law; and
> >
> > (3) appendix of documents referenced in the responsive CSMF.
>
> LCvR 56.C.1–3. This Court "strictly adhere[s] to the summary judgment procedures set forth both by the Federal and Local Rules[,]" and failure to comply can result in penalties including the Court deeming as admitted a movant's facts where the non-movant does not properly controvert them. *See Rozier v. United Metal Fabricators, Inc.,* No. 3:09-257, 2012 U.S. Dist. LEXIS 6200, *7, 2012 WL 170197 (W.D.Pa. Jan. 19, 2012) (citations omitted).

*Kiser v. Potter*, 3:10-CV-22, 2012 WL 1134810, *3-4 (W.D. Pa. Apr. 4, 2012); *see also Smith v. Bridgestone Retail Operations, LLC*, 3:10-CV-258, 2012 WL 2319039, *3-4 (W.D. Pa. June 18, 2012); *Dillner v. Sheesley Supply Co., Inc.*, 3:10-CV-122, 2012 WL 5818315, *3-4 (W.D. Pa. Nov. 15, 2012).

As noted above, Defendants filed the instant motion for summary judgment (Doc. No. 240) along with a brief in support (Doc. No. 241) on February 4, 2013. However, Defendants did not file a concise statement of material facts or an appendix of exhibits as required by Local Rule 56.B. Similarly, Plaintiffs filed a brief in opposition (Doc. No. 242) to Defendants' motion for summary judgment on March 6, 2013, but did not file a concise statement of material facts or an appendix of exhibits as required by Local Rule 56.C.

Because the Defendants failed to follow the Local Rules governing a motion for summary judgment in that they failed to file a concise statement of material facts and an appendix of exhibits, the Court is unable to rule on the merits of the instant motion. *See Magruda v. Belle Vernon Area Sch. Dist.*, 06-CV-995, 2007 WL 2746719 (W.D. Pa. Sept. 17, 2007); *Ziller v. Emerald Art Glass*, 05-CV-82, 2006 WL 2853976, at *1 (W.D. Pa. Oct. 4, 2006); LCvR 56.B (providing that "[t]he motion for summary judgment . . . *must* be accompanied" by a concise statement of material facts and an appendix) (emphasis added). Neither Defendants nor Plaintiffs filed a concise statement of material facts; therefore, this Court is unable to determine whether a genuine issue of material fact exists. *See Magruda v. Belle Vernon Area Sch. Dist.*, 06-CV-995, 2007 WL 2746719 (W.D. Pa. Sept. 17, 2007). Thus, the instant motion for summary judgment is procedurally defective and the Court cannot proceed with an analysis of the legal issues before the Court. *See Babcock & Wilcox Ebensburg Power, Inc. v. Zurich Am.*

*Ins. Co.*, 368 F. Supp. 2d 387, 395-96 (W.D. Pa. 2004). Accordingly, the Court denies Defendants' motion for summary judgment.

## VI.   CONCLUSION

Defendants' motion for summary judgment (Doc. No. 240) is **DENIED** for failure to comply with the Local Rules. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, *ex rel.*,   )
THOMAS BARTLETT and KIMBERLY           )
GUMMO                                  )
                                       )
            Plaintiffs,                )
                                       )    CIVIL ACTION NO. 3:04-57
      v.                               )
                                       )    JUDGE KIM R. GIBSON
DANIEL ASHCROFT, TRI COUNTY            )
IMAGING ASSOCIATES, INC., CARLOS       )
A. WIEGERING, MD, RAMESH               )
AGARWAL, MD, URMILA CHOPRA,            )
*Executrix of the Estate of RAMESH*    )
*CHOPRA*, RAJ KANSEL, MD               )
                                       )
            Defendants.                )

## ORDER

AND NOW, this **29th** day of October, 2013, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 240) is **DENIED**. By separate order, the Court shall schedule a status conference to discuss with the parties an appropriate scheduling order for trial of this case and whether mediation prior to trial should be scheduled.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE