IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.*; THOMAS BARTLETT; and | ) | CIVIL ACTION NO. 3:04-57 |
| KIMBERLY GUMMO, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL ASHCROFT; TRI-COUNTY | ) | |
| IMAGING ASSOCIATES, INC.; | ) | |
| CARLOS A. WEIGERING; RAMESH | ) | |
| AGARWAL; URMILA CHOPRA, | ) | |
| *as Executrix of the Estate of RAMESH* | ) | |
| *CHOPRA*; and RAJ KANSEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Defendants' motion to declare the dismissal of defendant Bernard DiGiacobbe a final order (ECF No. 253), wherein Defendants move the Court to certify its Order of June 20, 2012 as a final entry of judgment under Fed. R. Civ. P. 54(b). The relevant Order states as follows:

> The Defendant having died on March 18, 2012, a Suggestion of Death having been filed and served on March 19, 2012, and no party having since filed a Motion to Substitute the decedent's successor or representative, all claims against Bernard DiGiacobbe in this case are hereby DISMISSED pursuant to Federal Rule of Civil Procedure 25(a)(l).

(ECF No. 229 at 1). On February 1, 2013, the Court denied Relators' motion to vacate this Order. (ECF No. 238). Defendants filed the instant motion on November 19, 2013.

I.

Federal Rule of Civil Procedure 54(b) provides that, "when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final

judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Third Circuit Court of Appeals has set forth several factors that district courts should consider when assessing whether there is "just reason for delay" under Rule 54(b):

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citation omitted). "Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Id.* An entry of partial final judgment should not be entered routinely, and the district court must exercise its discretion "in the interest of sound judicial administration." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *accord Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 11 (1980).

II.

After carefully reviewing Defendants' motion and Relators' response thereto, and in light of the procedural history of this case, the Court will decline entering a partial final judgment under Rule 54(b). Relators filed this case on March 23, 2004—more than ten years ago—and it is in the best interests of all parties to proceed to trial as soon as possible. Permitting the opportunity for an appeal at this stage would substantially delay trial and would thus be inconsistent with the interests of sound judicial administration and the needs of the parties. *See Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d

2

Cir. 1975) (stating that Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties"); *see also Scott v. Lackey*, 1:02-CV-1586, 2012 WL 1004911, at *4 (M.D. Pa. Mar. 23, 2012) ("The court finds that the additional delay that an appeal would cause to this decade old litigation is just reason to deny [the plaintiff's] motion for entry of judgment under Rule 54(b).").

III.

To the extent Relators seek reconsideration of the Order of Court terminating Dr. Bernard DiGiacobbe as a party in this case (*see* ECF No. 258 at 2), that request is denied. A court may grant a motion for reconsideration if the moving party shows (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration allow district courts the opportunity to correct their own alleged errors; they do not to provide litigants "a second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of parties in the event of death. The rule states that

> [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Despite the apparent mandatory nature of this provision, Federal Rule of Civil Procedure 6(b)(1) allows a district court in its discretion to extend the 90-day period. *See, e.g., Nationwide Prop. & Cas. Co. v. Target Homes, Inc.*, 3:12-CV-525, 2013 WL 785085, at *2 (M.D. Pa. Mar. 1, 2013). Specifically, Rule 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend

3

the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In this case, Rule 6(b)(1)(B) does not warrant an enlargement of the period within which to file a motion for substitution. Defendants filed a formal notice of Bernard DiGiacobbe's death, and Relators did not move for substitution within 90 days. (ECF Nos. 205 & 228). Despite ample opportunity, Relators have not offered any credible explanation for their failure to move for substitution within the time allotted by Rule 25. Absent such a showing, Relators have not demonstrated good cause or excusable neglect, and the Court is thereby constrained by the plain language of Rule 25(a)(1).

IV.

Accordingly, Defendants' motion to declare the dismissal of defendant Bernard DiGiacobbe a final order (ECF No. 253) is DENIED.

DONE AND ORDERED on this 21st day of August, 2014.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

4